**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Manuel DELGADO, Defendant-Appellant.**

**No. 80–1877.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1981.

Decided Feb. 20, 1981.

James I. Marcus, Chicago, Ill., for defendant-appellant.

Michael Siegel, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, Circuit Judge, KUNZIG, Judge,* and WOOD, Circuit Judge.

BAUER, Circuit Judge.

Manuel Delgado was charged with two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He was convicted of both counts in a bench trial. He claims on appeal that the trial court failed to ascertain that he knowingly and intelligently waived a jury trial and that the evidence presented at trial was insufficient to support the conviction on count II. We reverse and remand.

I

Count II of the indictment charged Delgado with distributing cocaine in a sale that occurred October 15, 1979. Viewing the evidence in the light most favorable to the Government, we find that it was sufficient to support the conviction on this count. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

---

* The Honorable Robert L. Kunzig, Judge of the United States Court of Claims, is sitting by designation.

Henry Ordetx, a co-defendant, told Frank Tucci, the purchasing government undercover agent, that he had five ounces of cocaine to sell, but he would not complete the transaction until Delgado arrived. Tr. at 93. After Delgado arrived, Ordetx, Jesus Torres, a confidential informant, Tucci, and Delgado conducted negotiations for the sale of the cocaine in the back room of Delgado's driving school. Tr. at 48, 73. When Ordetx threatened to cancel the sale after Tucci refused to allow his car to be used to go pick up the cocaine, Delgado saved the transaction by offering to drive Torres to his car so that Torres could bring his car to the driving school for Ordetx to use. Tr. at 50. After Ordetx drove off in Torres' car, Delgado told agent Tucci to get the money and bring it into the driving school. Tr. at 52. Finally, after Ordetx returned to the driving school with the cocaine, Ordetx told Tucci in Delgado's presence that he could deliver five ounces of cocaine per day. Tr. at 95. Delgado's presence at the transaction and his "service as a functionary of the scheme" was sufficient to support his conviction on count II. *United States v. DeLeon*, 498 F.2d 1327, 1332 (7th Cir. 1974).

## II

■ In *United States v. Scott*, 538 F.2d 362 (7th Cir. 1978), we adopted a supervisory rule governing trial court acceptance of a jury trial waiver. Before the district court accepts the waiver, the court must interrogate the defendant "to ensure that [the defendant] understands his right to a jury trial and the consequences of waiver." *Id.* at 364.

Delgado claims that the trial court failed to comply with the mandate of *Scott*. Delgado's attorney informed the trial court that Delgado wished to waive trial by jury. Counsel also stated that he had explained the right to a trial by jury to Delgado. The court instructed the interpreter ** to read the waiver form to Delgado. Delgado then signed the waiver. The following colloquy occurred between the court and defendant:

THE COURT: This is your signature on here, Mr. Delgado?

THE DEFENDANT: Yes.

THE COURT: Mrs. Haas read it to you?

THE DEFENDANT: Yes.

THE COURT: You voluntarily give up your right to a trial by jury, is that correct?

THE DEFENDANT: Yes.

THE COURT: Is that also on the advice of your attorney?

THE DEFENDANT: Yes.

Tr. at 5 6.

We agree that trial court's inquiry in this case did not satisfy the requirements of the rule announced in *United States v. Scott*. The trial court could not determine from this colloquy whether Delgado understood his right to a jury trial and understood the consequences of waiver.

■ The *Scott* opinion did not specify the questions that should be addressed to the defendant; rather, we advised the district courts to adopt some type of formal jury waiver inquiry. We take this opportunity to advise the trial courts that they should explain that a jury is composed of twelve members of the community, that the defendant may participate in the selection of jurors, and that the verdict of the jury is unanimous. The court should inform the defendant that if he waives a jury, the judge alone will decide guilt or innocence. After informing the defendant of these factors, the trial court should then ascertain whether the defendant wishes to waive his right to a jury trial. Only after this type of inquiry will the court be able to determine that the defendant understands his right to a jury trial and the consequences of waiver.

## III

We reverse the judgment of the district court and remand for a new trial pursuant to Circuit Rule 18.

The judgment appealed is

REVERSED AND REMANDED.

** Delgado is a Cuban immigrant. His native language is Spanish, and he does not speak English well. An interpreter was present throughout the proceedings to translate for Delgado.