974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff/Appellee,
v.
Richard A. WYATT, Defendant/Appellant.
 No. 91-2836.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1992.
Decided Aug. 31, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Wyatt pleaded guilty to possession with intent to distribute marijuana and was convicted of using a firearm during and in relation to a drug-trafficking crime. 21 U.S.C. § 84(a)(1); 18 U.S.C. § 924(c). Wyatt's appointed counsel seeks to withdraw, believing that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); Cir.Rule 51(a). We grant counsel's motion; dismiss the appeal as frivolous, and deny Wyatt's motion to appoint counsel as moot.
 
 I. FACTS
 
 2
 Officer Larry Coyne of the Milan, Illinois police department observed Wyatt driving erratically toward a "known drug area." The Officer ran a check on Wyatt's car and determined that it was improperly registered. After stopping Wyatt, Coyne noticed that he wore a shoulder holster. The holster was empty, but Coyne found seven rounds of ammunition in Wyatt's pocket. Coyne then entered Wyatt's car, where he saw a gun in the open glove compartment. He also searched the back seat, finding seven bags of marijuana.
 
 
 3
 Wyatt was charged with possession of marijuana with intent to distribute and with using a firearm in relation to a drug-trafficking offense. Wyatt pleaded guilty to the possession charge but demanded a trial on the weapon charge. Before trial, Wyatt waived his right to a jury after being informed of the consequences of a jury waiver.
 
 
 4
 The court convicted Wyatt of the weapon charge and sentenced him to the mandatory minimum term of five years, to run consecutively with a one-day penalty for the possession offense.
 
 
 5
 After the conviction, Wyatt's attorney asked this court for leave to withdraw, believing that any appeal would be frivolous. See Anders, 386 U.S. 738; Circuit Rule 51(a). Because the attorney's brief only discussed sentencing issues and because he had not submitted all the district court transcripts, we asked him to supplement his brief and the record on appeal. Since our first order, counsel has provided us with all the transcripts and with a complete and well-detailed Anders brief. We now address the merits of his motion to withdraw.
 
 II. ANALYSIS
 
 6
 A. Possession With Intent to Distribute Marijuana
 
 
 7
 The district court properly accepted a guilty plea and sentenced Wyatt for possession with intent to distribute marijuana. Before accepting the plea, the court advised Wyatt of the charges against him and the consequences of a guilty plea, Fed.R.Civ.P. 11(c), assured itself of the plea's voluntariness, Fed.R.Civ.P. 11(d), and inquired into its factual basis, Fed.R.Civ.P. 11(f). Because these actions fully complied with Fed.R.Civ.P. 11, we conclude that the plea was acceptable. See United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988). Also acceptable was Wyatt's sentence of one day imprisonment. Based on Wyatt's criminal history category and the quantity of marijuana, the judge could have sentenced him from 0-6 months. See U.S.S.G. § 2D1.1.
 
 
 8
 Wyatt's only challenge to the possession charge is ineffective assistance of counsel. Wyatt argues that counsel performed ineffectively by advising him that he could face perjury charges if he refused to plead guilty. Counsel deemed this advice necessary because, at an earlier plea proceeding, Wyatt admitted under oath that he possessed and intended to distribute the marijuana. Considering these circumstances, counsel acted properly; admissions made at a plea proceeding under oath and in the presence of counsel may be used to prove guilt at a subsequent perjury trial. See Fed.R.Evid. 410.
 
 B. The Weapon Offense
 
 9
 Because Wyatt chose to proceed to trial on the weapons charge, the potential issues for that charge are more numerous. Wyatt's attorney discusses whether: (1) the waiver of a jury trial was appropriate, (2) portions of Officer Coyne's testimony were prejudicial, (3) guilt was proven beyond a reasonable doubt, (4) the sentence was proper. In his motion to appoint counsel and his brief in support of that motion,[1] Wyatt raises five issues which merit discussion: (1) sufficiency of the evidence, (2) illegal search and seizure, (3) ineffective assistance of counsel, (4) double jeopardy, and (5) vindictive prosecution. Neither Wyatt's nor his attorney's issues present any arguable basis for reversal.
 
 1. The Waiver of a Jury Trial
 
 10
 No court may allow a defendant to waive a jury trial without insuring that the defendant understands his right to a jury and the consequences of the waiver. United States v. Delgado, 635 F.2d 889, 890 (7th Cir.1981). The court must discuss (1) the composition of a jury, (2) the unanimous jury requirement, and (3) the fact that, if a defendant waives a jury, only the court will rule on guilt. Id. The court in Wyatt's case discussed these issues before accepting the guilty plea, and Wyatt's responses indicated that he understood his rights.
 
 2. The Search of Wyatt's Car
 
 11
 In his motion to appoint counsel, Wyatt claims for the first time that his conviction was tainted by an illegal search and seizure. Because Wyatt never filed a motion in limine or objected to the search at trial, we cannot review his claim. See United States v. Welsh, 721 F.2d 1142, 1145 (7th Cir.1983). "It is a well-established general proposition that a litigant cannot present to this court as a grounds for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." United States v. Carter, 720 F.2d 941, 945 (7th Cir.1983).
 
 
 12
 The only exception to this proposition is the plain error rule. To establish plain error, Wyatt "must show that but for the erroneously admitted evidence, he probably would have been acquitted." United States v. Snyder, 872 F.2d 1351, 1357 (7th Cir.1989). In Wyatt's case, we find no error, much less plain error. Officer Coyne properly stopped Wyatt for traffic violations and searched his car only after noticing his wearing a shoulder holster. See Michigan v. Long, 463 U.S. 1032 (1983).
 
 
 13
 3. Officer Coyne's Testimony About the "Known Drug Area"
 
 
 14
 At trial, Officer Coyne testified that Wyatt's car was headed toward a "known drug area" at the time of the arrest. After Wyatt objected to this testimony for lack of foundation, Coyne testified that he had been on the police force over 10 years and that he personally knew of drug arrests in the area, although he was aware of probably less than twenty. He also mentioned that the police department was investigating the area because of drug activity. Based on this foundation, the judge allowed Coyne's characterization.
 
 
 15
 A district court's decision to admit testimony will be affirmed unless the "court commits a clear abuse of discretion." United States v. De Soto, 885 F.2d 354, 359 (7th Cir.1989). The court did not abuse its discretion in Wyatt's case, where Coyne's statements were properly admitted as expert testimony. The court followed the dictates of Fed.R.Evid. 702, which states:
 
 
 16
 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 
 
 17
 In Wyatt's case, the information about the drug area was not likely to be within the knowledge of the average juror. Most jurors are not involved in the drug trade and do not know where sales are made. Even jurors who pass by an area frequently may not know about the transactions there, as drug sales are by their nature secretive.
 
 
 18
 A police officer, on the other hand, is likely to have specialized knowledge about the location and manner of drug transactions. See United States v. Solis, 923 F.2d 548, 550 (7th Cir.1991) (Chicago police officer may testify about the use of beepers in the drug trade); De Soto, 885 F.2d at 361. Officer Coyne's experiences on the police force qualified him to classify the location as a "known drug area." See id. (police officer may classify a defendant's actions "countersurveillence").
 
 4. Sufficiency of the Evidence
 
 19
 A defendant seeking to vacate his conviction because of insufficiency of the evidence faces a "formidable burden." United States v. Burrell, No. 91-2089, slip op. at 16 (7th Cir. May 11, 1992). He must prove that the evidence, when taken in the light most favorable to the government, would not allow a rational factfinder to find guilt. Id.
 
 
 20
 Wyatt was convicted of violating 18 U.S.C. § 924(c)(1), a crime involving two elements: (1) the use or carriage of a gun (2) during and in relation to a crime of drug-trafficking. United States v. Edun, 890 F.2d 983, 986 (7th Cir.1989). A defendant "uses" a gun when he knowingly possesses it. United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989); Edun, 890 F.2d at 987. He need not "brandish or discharge" the weapon to fall under the statute. Id.
 
 
 21
 A gun is used "during and in relation to" the commission of a crime if it in any way facilitates the commission of the crime. Id. A gun aids a crime even if it only provides "the security and confidence needed to undertake" the offense. Ocampo, 890 F.2d at 1371; United States v. Rosado, 866 F.2d 967, 970 (7th Cir.1989).
 
 
 22
 Applying this standard to Wyatt's case, we find enough evidence to convict. Before his arrest, Wyatt was headed toward a "known drug area" with marijuana in his back seat. He wore a shoulder holster, carried ammunition, and placed a gun in his glove compartment. Upon hearing this evidence, a rational judge could have concluded that Wyatt was prepared to defend himself with the gun as he took the marijuana, which he admittedly intended to distribute, to a selling point. United States v. Nash, 876 F.2d 1359, 1362 (7th Cir.1989), cert. denied, 493 U.S. 1084 (1990) (possession with intent to distribute marijuana is a drug-trafficking crime). Any claim challenging the strength of this evidence would be frivolous.
 
 5. Ineffective Assistance of Counsel
 
 23
 Wyatt argues that counsel was ineffective because of his inexperience in federal court and his ignorance of federal sentencing mechanisms. Under Strickland v. Washington, such claims only amount to a constitutional violation if (1) counsel's performance is deficient and (2) his actions caused serious prejudice. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 24
 We may reject Wyatt's claims on the prejudice prong without considering counsel's performance. Wyatt never alleges harm resulting from counsel's inexperience or sentencing advice. In fact, Wyatt admits that, at the time of sentencing, he was personally aware of the applicable sentencing rules.
 
 6. Double Jeopardy/Due Process
 
 25
 Wyatt also argues that prosecutors violated his rights by charging him in both federal and state courts. Wyatt however ignores the implications of the dual sovereignty doctrine which "instructs us that prosecution by both state and federal authorities for the same conduct does not violate either the Double Jeopardy Clause or the Due Process Clause." United States v. Bafia, 949 F.2d 1465, 1478 (7th Cir.1991), cert. denied, 112 S.Ct. 1989 (1992).
 
 7. Vindictive/Selective Prosecution
 
 26
 In his response to the motion to withdraw, Wyatt claims that the Prosecutor engaged in vindictive and selective prosecution by charging Wyatt in federal court, while similar offenders were charged only under the more lenient state laws. To establish vindictive prosecution, Wyatt must show either "some specific animus or ill will on the prosecutor's part" or an attempt "to punish the defendant for exercising a legally protected statutory or constitutional right." United States v. Benson, 941 F.2d 598, 661 (7th Cir.1991). To show selective prosecution, Wyatt must meet a two-part test. United States v. Rodriguez, 803 F.2d 318, 320 (7th Cir.1986), cert. denied, 480 U.S. 908 (1987). First, he must prove that he was singled out for prosecution while others similarly situated were not prosecuted. Id. Next, he must demonstrate that the discriminatory selection was based on impermissible grounds. Id.
 
 
 27
 Under these standards, Wyatt cannot show either selective or vindictive prosecution. The vindictive prosecution claim fails because Wyatt cannot prove that personal animus or retribution contributed to his prosecution. In fact, he claims that his prosecution was part of a widescale effort "to get the violent career criminal off the streets." This valid and laudable goal also prevents Wyatt from meeting the second prong of the selective prosecution test.
 
 8. The Sentence
 
 28
 At sentencing, Wyatt asked the court to waive the application of a mandatory minimum sentence, or in the alternative, to impose home detention. The judge properly refused both requests.
 
 
 29
 A conviction for using a firearm during and in relation to a drug-trafficking crime carries a mandatory five-year sentence. 18 U.S.C. § 924(c)(1). A court may not sentence a defendant to less than the mandatory minimum unless the law provides the authority to do so. See 18 U.S.C. § 3553(e) (upon a motion by the prosecution, a court may sentence a defendant below the mandatory minimum to reflect substantial assistance to the government); United States v. Berke, 930 F.2d 1219, 1224 (7th Cir.), cert. denied, 112 S.Ct. 269 (1991). In Wyatt's case the law provides no basis for a departure. See, e.g. id. at 1223.
 
 
 30
 Home detention is only available where the minimum term of imprisonment is less than ten months. See U.S.S.G. § 5C1.1(c) and (d). Thus it is unavailable in Wyatt's case where the minimum term is five years. 18 U.S.C. § 924(c)(1).
 
 III.
 
 31
 For the foregoing reasons, counsel's motion to withdraw is granted, defendant's motion for appointment of counsel is denied as moot, and the appeal is
 
 
 32
 DISMISSED.
 
 
 
 [1]
 After counsel filed his first brief, we sent Wyatt a copy of the brief and informed him that he had thirty days to respond to the attorney's claims. See Circuit Rule 51. Wyatt did not formally respond to the brief, but he filed a motion to appoint counsel where he listed five potential grounds for relief
 We later issued an order asking counsel to supplement his brief and the record on appeal. After counsel filed the brief and supplemental record, we waited thirty days for a response, assuming that Wyatt was apprised of his rights because of our first notification. Wyatt failed to file a response in thirty days, but filed one before the issuance of this order. Despite the tardiness of the response, we consider it here because Wyatt may not have been aware of the thirty-day limitation.