**UNITED STATES of America,**

v.

**Vincent A. CIANCI, Jr., a/k/a "Buddy";
Frank E. Corrente; and Richard
E. Autiello.**

**No. CR. 00–083–T.**

United States District Court,
D. Rhode Island.

Aug. 8, 2002.

Richard W. Rose, United States Attorney's Office, Providence, RI, for United States.

Martin G. Weinberg, Oteri, Weinberg & Lawson, Richard M. Egbert, Boston, MA, John A. MacFadyen, III, Providence, RI, Edward J. Romano, North Providence, RI, for Vincent A. Cianci, Jr.

John A. MacFadyen, III, C. Leonard O'Brien, Jr., Providence, RI, for Frank E. Corrente.

Richard C. Bicki, Cerilli, McGuirl & Bicki, John A. MacFadyen, III, Providence, RI, Edward L. Gerstein, Little Compton, RI, for Richard E. Autiello.

## MEMORANDUM AND PRELIMINARY FORFEITURE ORDER

TORRES, Chief Judge.

### Introduction

Vincent A. Cianci, Jr., is the Mayor of Providence, Rhode Island (the "City"), and Frank E. Corrente is Cianci's former Director of Administration and the former treasurer of Friends of Cianci ("Friends"), the Mayor's political fund raising organization.

Cianci, Corrente, and Richard E. Autiello were tried for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) & (d) ("RICO"), and for various other offenses allegedly committed pursuant to a scheme to award city jobs and contracts in exchange for contributions to Friends. Among the other offenses charged were extortion, conspiracy to commit extortion, and conspiracy to commit bribery, in connection with the receipt of $250,000 in "contributions" from tow truck operators doing business with the City.

After a lengthy trial, a jury found Corrente guilty of conducting the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C.

§ 1962(c), and it found all three defendants guilty of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). With respect to the money obtained from the towers, the jury also found Corrente and Autiello guilty of bribery conspiracy under 18 U.S.C. §§ 371 and 666, but not guilty of extortion or conspiracy to commit extortion.

The government has moved to forfeit all of the defendants' interests in Friends pursuant to §§ 1963(a)(1) and/or (a)(2); or, in the alternative, to forfeit the $250,000 obtained from the tow truck operators pursuant to § 1963(a)(3).

### *Discussion*

### I. *Forfeiture Procedure*

The RICO statute specifies the property that must be forfeited by a defendant convicted of a RICO violation, 18 U.S.C. § 1963(a), and Federal Rule of Criminal Procedure 32.2 directs that a preliminary order of forfeiture be entered as soon as practicable after a finding of guilt. Fed. R.Crim.P. 32.2(b)(1).[1]

At the preliminary forfeiture stage, the Court's task is to determine "whether the government has established the requisite nexus between the property and the offense." *Id.* That determination is made without regard to any legitimate interest that a third party may claim in the property sought to be forfeited because the Rule affords third parties the opportunity to assert such claims before a final forfeiture

order is entered. Fed.R.Crim.P. 32.2(b)(2) & (c).

### II. *Burden of Proof*

Forfeiture under § 1963(a) is part of the sentence imposed for a RICO violation. That section is entitled "criminal *penalties,*" and it provides that "the court, in imposing *sentence* ... shall order, in addition to any *other sentence* imposed ...," that the defendant forfeit specified property. 18 U.S.C. § 1963(a) (emphasis added); *see also Libretti v. United States*, 516 U.S. 29, 38–39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (holding that forfeiture "is an element of the sentence imposed following conviction").

Historically, sentencing issues have been decided by courts utilizing a fair-preponderance-of-the-evidence standard. *See United States v. Watts*, 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (holding that a preponderance-of-the-evidence standard with respect to sentencing matters satisfies due process requirements). Although Congress could establish a more stringent standard, it has not done so with respect to forfeiture under § 1963.[2]

Of course, forfeiture does not become a sentencing matter simply because it is labeled as such. If a law "makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the [law] labels it—must be found by a jury beyond a reasonable doubt." *Ring v. Arizona,* —

---

1. Under Rule 32.2(b)(4), a defendant may choose to have the jury decide whether a preliminary order of forfeiture should enter. However, in this case, the defendants have elected to have the Court make that decision.

2. It could be argued that the fact that the Comprehensive Forfeiture Act of 1984, Pub.L. 98–473, 98 Stat. 2040, established a preponderance of the evidence standard for

forfeiture under the Continuing Criminal Enterprise statute, 21 U.S.C. § 853(d), but not under RICO, suggests that Congress believed that RICO required proof beyond a reasonable doubt and intended to retain that burden of proof. However, such unsupported speculation does not provide a sufficient basis for reading into the statute a requirement that is not there.

U.S. ——, 122 S.Ct. 2428, 2439, 153 L.Ed.2d 556 (2002) (citing *Apprendi v. New Jersey,* 530 U.S. 466, 482–83, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Such facts are considered "element[s] of an aggravated crime." *Harris v. United States,* —— U.S. ——, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002).

On the other hand, the same cannot be said of a fact that authorizes a sentence that is greater than the mandatory minimum but does not exceed the statutory maximum. *Id.* In such cases, the necessary facts may be, and traditionally have been, determined by courts applying a preponderance-of-the-evidence standard.

Forfeiture falls into the latter category because there are no statutorily prescribed maximum penalties. Subsections 1963(a)(1)-(a)(3) simply describe the property subject to forfeiture as any property or interest obtained by the defendant "in violation of section 1962." 18 U.S.C. §§ 1963(a)(1), (a)(2), & (a)(3).

Nevertheless, the requirement that a violation of § 1962 be established means that, to determine what property is forfeitable, reference must be made to the RICO violation(s) for which a defendant was convicted. Accordingly, the preliminary forfeiture determination that is made at the time a guilty verdict is returned is "whether the government has established the requisite nexus between the property and the offense" committed by the defendant. Fed.R.Crim.P. 32.2(b)(1).

Whether a defendant has committed a particular RICO offense is a matter to be decided by a jury beyond a reasonable doubt, but determining what property is forfeitable because of that offense is a matter to be decided by a court by a preponderance of the evidence.

---

**3.** Exhibit 1070, a summary of the towers' contributions, shows that the towers "contributed" a total of $254,325 to Friends. However, the indictment seeks forfeiture of only

## III. *The Forfeiture Claims*

The government argues that all of the defendants' interests in Friends are forfeitable under both §§ 1963(a)(1) and (a)(2). Alternatively, the government argues that the $250,000 received by Friends from the members of the Providence Tow Association is forfeitable under § 1963(a)(3), as "proceeds" of racketeering activity.[3]

### A. *Forfeiture Under § 1963(a)(1)*

Subsection (a)(1) provides for forfeiture of "any interest" that the defendant "acquired or maintained *in violation of section 1962.*" 18 U.S.C. § 1963(a)(1) (emphasis added). Thus, under (a)(1) an interest is subject to forfeiture only if and to the extent that it was acquired or maintained in violation of § 1962.

Forfeiture under (a)(1) is not limited to a defendant's interest in the RICO enterprise. It also includes a defendant's interest in the proceeds of the RICO violation. *Russello v. United States,* 464 U.S. 16, 21–22, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Moreover, a "but for" test is used to determine whether the government has proven the required nexus between the interest in question and the RICO violation. *United States v. Angiulo,* 897 F.2d 1169, 1213 (1st Cir.1990) (holding that "but for" test applies under (a)(1) and that forfeiture is limited to property interests that would not have been acquired or maintained but for violation of § 1962).

In this case, the only evidence of any interest in Friends that the defendants may have acquired or maintained in violation of § 1962 was the $250,000 Friends received from members of the Providence Tow Association. It appears that Cianci,

$250,000, Indict. ¶ 292, which, also, is the amount referred to in the government's memorandum.

and perhaps Corrente, acquired an interest in those funds by virtue of their interests in Friends, the precise nature of which has not yet been established. By contrast, since Autiello acted merely as an agent of Friends and has no discernable interest in Friends, he acquired no interest in the funds that could be subject to forfeiture under (a)(1).

With respect to the interests acquired by Cianci and/or Corrente, the government must prove that "but for" some RICO violation for which a defendant was convicted, those interests would not have been acquired. Although Corrente and Autiello were found guilty of bribery conspiracy in connection with the amounts received from the towers, bribery conspiracy is not a RICO violation because it is not one of the offenses listed in § 1961(1) as "racketeering activity." However, the jury also found the defendants guilty of a RICO conspiracy, the object of which was to enrich the defendants and Friends by awarding city contracts and jobs in exchange for "contributions" to Friends. Moreover, the evidence shows that solicitation of the towers was part of that effort and that, "but for" the RICO conspiracy, Cianci and Corrente would not have acquired any interest in the $250,000 collected from the towers. Consequently, their interests in that sum are subject to forfeiture under subsection (a)(1).

### B. *Forfeiture Under § 1963(a)(2)*

Subsection (a)(2) provides for forfeiture of a defendant's "interest in . . . any enterprise" that the defendant "established, operated, controlled, conducted, or participated in the conduct of, *in violation of section 1962.*" 18 U.S.C. § 1963(a)(2)(A) (emphasis added).

The forfeiture provision of (a)(2)(A) is especially severe because it makes a defendant's entire interest in an enterprise subject to forfeiture. *Angiulo,* 897 F.2d at

1211–12 (holding that rule of proportionality applies only under (a)(1) and what is now (a)(2)(D)). Furthermore, unlike (a)(1), it does not require that the interest must have been acquired in violation of § 1962. However, (a)(2) does require proof that the defendant engaged in one of the specified activities with respect to the enterprise, and that such activity violated § 1962.

■ Determining whether a defendant "established, operated, controlled, conducted, or participated in the conduct of" an enterprise *"in violation of section 1962 "* is a determination as to whether the defendant committed a crime. Accordingly, it is a matter that must be decided beyond a reasonable doubt by a jury. Determining what forfeitable interest the defendant has in the enterprise is a matter of punishment that may be decided by the sentencing judge by a preponderance of the evidence.

■ Here, Corrente was convicted of "conducting or participating in the conduct of" the affairs of an enterprise, that included Friends, in violation of § 1962(c). Therefore, his interest in Friends is subject to forfeiture under (a)(2).

On the other hand, Cianci was acquitted of the charge that he violated § 1962(c). He was convicted, only, of *conspiring* to conduct or participate in the conduct of the enterprise's affairs in violation of § 1962(c). Since conspiracy to conduct an enterprise is not one of the activities specified in (a)(2), Cianci's interest in Friends is not subject to forfeiture under that section.

### C. *Forfeiture Under § 1963(a)(3)*

Subsection (a)(3) provides for forfeiture of proceeds that a defendant "obtained, directly or indirectly, from *racketeering activity* . . . in violation of section 1962." 18 U.S.C. § 1963(a)(3) (emphasis added).

Unlike (a)(2), (a)(3) does not require proof that the violation to which the forfei-

table property is linked was committed by the defendant. Under (a)(3), proceeds of racketeering activity obtained by a defendant are subject to forfeiture even if the defendant, himself, did not engage in the racketeering activity. However, (a)(3) requires that the proceeds be traceable to "racketeering activity."

■ Under (a)(3), as under (a)(1), the "but for" test applies in determining whether the required nexus exists between the property sought to be forfeited and the criminal activity. *United States v. De-Fries*, 129 F.3d 1293, 1313 (D.C.Cir.1997) (adopting "but for" test for claims under both (a)(1) & (a)(3)); *United States v. Robinson*, No. 89 CR 907, 1991 WL 44832, at *3 (N.D.Ill. Mar.15, 1991), *vacated on other grounds*, 8 F.3d 418 (7th Cir.1993) (adopting "but for" test for claims under (a)(3)).

■ To the extent that Cianci and Corrente had interests in Friends, the $250,000 that Friends received from the towers was "indirectly" obtained by them. Thus, the issue is whether that sum was "obtained ... from *racketeering activity* " (emphasis added).

"Racketeering activity" is defined by 18 U.S.C. § 1961(1) to encompass a variety of crimes that include Hobbs Act extortion, 18 U.S.C. § 1951, but do not include bribery under 18 U.S.C. § 666, or conspiracy to commit bribery under 18 U.S.C. §§ 371 and 666. Here, there is no question that the payments made by the towers were prompted by Corrente's demands and his threats to eliminate or increase the size of the tow list if payments were not made. However, the jury acquitted Corrente of extortion in connection with those payments and, instead, found him guilty of

bribery conspiracy in violation of 18 U.S.C. §§ 371 and 666. Moreover, although Corrente's demands and threats were made in furtherance of the RICO conspiracy for which he and Cianci were convicted, RICO conspiracy is not one of the offenses that § 1961(1) defines as "racketeering activity."

In short, (a)(3) does not authorize forfeiture of the amounts paid to Friends by the towers because no nexus has been established between those amounts and any "racketeering activity."

### *Conclusion*

For all of the foregoing reasons, a preliminary order of forfeiture shall enter, pursuant to Rule 32.2(b) and 18 U.S.C. §§ 1963(a)(1) & (a)(2), forfeiting all of Corrente's interest in Friends, including but not limited to any interest in the $250,000 received by Friends from members of the Providence Tow Association; and forfeiting Cianci's interest in the $250,000 received by Friends from members of the Providence Tow Association.[4]

IT IS SO ORDERED.

---

4. As previously noted, there was no evidence that Autiello had any interest in either the funds received by Friends, or in Friends itself.

Therefore, no forfeiture order shall be entered against him.