NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2008
Decided January 7, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1326

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 1:07-cr-00144-WCG-1 |
| VICTOR M. JOHNSON, | |
| *Defendant-Appellant.* | William C. Griesbach, |
| | *Judge.* |

**ORDER**

After a bench trial the district court found Victor Johnson guilty of conspiring to distribute cocaine and crack cocaine, possessing with intent to distribute cocaine and crack cocaine, and distributing cocaine. On appeal, Johnson argues that his waiver of his right to a jury trial did not comply with procedural rules, and was not knowing and voluntary. We affirm.

In May 2007, Johnson was arrested after traveling several times between Chicago, where he met his supplier, and Green Bay, where he wanted to create a market to distribute cocaine and crack. A grand jury returned a three-count indictment charging him with conspiring to

distribute cocaine and crack cocaine, *see* 21 U.S.C. § 846, possessing with intent to distribute cocaine and crack cocaine, *see id.* § 841(a)(1), and distributing cocaine, *see id.*

At a hearing before the district judge, Johnson waived his right to a jury trial. The court stated at the outset that it had received communication from Johnson indicating that he wanted to waive this right. When the court asked defense counsel if he had suggested the waiver to Johnson, counsel said no, and added that Johnson's family told him of his interest. Counsel also said that he had discussed the waiver with Johnson. The court asked Johnson to explain the right, which Johnson then described as "a trial of your peers, and they are instructed upon the law from you and they are to make their decisions about the facts of the case and give their own decision from, right from the direction of you basically." The court added that, in order to convict him, all twelve persons of the jury would have to unanimously conclude beyond a reasonable doubt that he was guilty. The court then asked if he understood these characteristics of a jury trial, and Johnson said that he understood but thought the damaging evidence against him would overwhelm a jury. He thought that the government's story would paint an indelible picture in the minds of jurors. The court warned that Johnson could not change his mind, and Johnson stated, "I made my decision." The court emphasized that Johnson was relinquishing a constitutional right and wanted to be sure the waiver was voluntary. Johnson again stated that he understood and that he did not view a jury from the Eastern District of Wisconsin as his "peers." The court asked if anyone threatened Johnson into making this decision, to which he replied, "It's all me." Defense counsel agreed that there were tactical advantages to a bench trial, including avoiding concerns about the lower educational level of a jury. The court accepted Johnson's waiver as knowing and voluntary. After a two-day bench trial, the court found Johnson guilty of all three counts.

The Sixth Amendment guarantees an accused the right to trial by jury. U.S. CONST. AMEND. VI. A criminal defendant, however, may knowingly waive many fundamental constitutional protections, *see United States v. Mezzanatto*, 513 U.S. 196, 201, (1995), including the right to a jury trial. *See, e.g., United States v. Booker*, 543 U.S. 220, 276 (2005), *Whitehead v. Cowan*, 263 F.3d 708, 732 (7th Cir. 2001). On appeal the burden is on the defendant to show that a waiver was not knowingly and intelligently made. *Whitehead*, 263 F.3d at 732.

Johnson argues that his waiver of his right to a jury trial was neither knowing nor voluntary, and thus his case should be remanded for a new trial. He urges, for instance, that the waiver should not stand because he did not sign a waiver form, as required by FED. R. CRIM. P. 23(a)(1). ("If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing. . . .") He acknowledges that the absence of a signed form does not automatically invalidate a waiver, but says it calls into question whether he knowingly relinquished his right to a jury trial.

"[W]hile the absence of a written waiver form is probative of whether or not the waiver is valid, it is not dispositive." *United States v. Robinson*, 8 F.3d 418, 422 (7th Cir. 1993). The lack of a signature is one factor in the voluntariness determination and will not result in reversal if the colloquy provides sufficient indicia of a knowing and voluntary waiver. *Id.* at 423. A valid waiver means that the defendant "understood that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." *Haliym v. Mitchell*, 492 F.3d 680, 698 (6th Cir. 2007); *U.S. ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1180 (7th Cir. 1983). In the absence of a written waiver, voluntariness can be inferred from circumstances such as a colloquy in which the defendant unequivocally acknowledges his desire to waive the right to a jury trial, *United States v. Robertson*, 45 F.3d 1423, 1425 (10th Cir. 1995); comments by counsel demonstrating that the client personally accepted the waiver, *United States v. Leja*, 448 F.3d 86, 93-94 (1st Cir. 2006); evidence that the defendant passively sat by while counsel waived the right, *United States v. Carmenate*, 544 F.3d 105, 108 (2d Cir. 2008); the defendant's familiarity with the criminal justice system, *id.*; and the defendant's ability to express his own wishes, *United States v. Mendez*, 102 F.3d 126, 130 (5th Cir. 1996), or ability to understand the concept of waiver. *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002).

In this case, Johnson unequivocally stated that he knew he had a constitutional right to trial by jury, described his understanding of that right, and noted that it was his own decision to waive it. He was an articulate, English-speaking 26-year-old man with two years of college education. He appeared in person to waive the right and did not at any point suggest that he objected or did not understand the proceedings. Although he had never previously participated in a trial, he had appeared in a court before. Defense counsel also confirmed that Johnson's decision to waive the right to jury trial was his own. Under these circumstances, defendant failed to show how the waiver was not knowing, voluntary, and intelligent.

Next, Johnson argues that his waiver was not knowing because the district court failed to advise him of his right to participate in the selection of jurors. He argues that, under *United States v. Rodriguez*, 888 F.2d 519, 527-28 (7th Cir. 1989), a district court errs if it fails to warn a defendant of the right to participate in jury selection. That case reinterpreted *United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981) (superceded by *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)), where we announced that, during a formal jury-waiver colloquy, a district court should explain that a jury is composed of twelve members of the community, that the jury verdict is unanimous, that the defendant may participate in the selection of jurors, and that at a bench trial the judge alone will decide guilt or innocence. The court here recited all of those rights except the right to participate in jury selection.

However, in *Rodriguez*, we held that "the omission of the full menu of advice . . . is not an independent basis for reversal." 888 F.2d at 527. The *Delgado* warnings are "called for as a matter of prudence. Lesser (even no) warnings do not call into question the sufficiency of the waiver so far as the Constitution is concerned." *Id.* As long as a defendant's substantial rights are not affected, the court can disregard omissions of information that is not an essential ingredient of a waiver. *Id.* at 528. In short, as long as a defendant knows that he is relinquishing his right to trial by jury, knowing the details of the jury process or the right to jury selection is not essential. *See Whitehead*, 263 F.3d at 732, *U.S. ex rel. Wandick v. Chrans*, 869 F.2d 1084, 1088 (7th Cir. 1989); *see also United States v. Adkins*, 274 F.3d 444, 453 (7th Cir. 2001).

In this case, Johnson fails to show how the omission affected his substantial rights. As reflected by his responses during the colloquy, Johnson was aware that he was waiving a right to a trial by jury. He stated before the court that he knew he had a constitutional right, that he made his decision, and that he had several reasons to prefer having a judge decide his case. Those reasons included a concern as to whether jurors from the Eastern District of Wisconsin were really "peers" of his, a man from Chicago. Moreover, even if he had exercised his right to participate in jury selection in Wisconsin, the jury pool still would have been from Wisconsin and not Chicago.

Finally, Johnson argues that the district court's comments during the final pretrial conference inappropriately influenced his decision to waive his right to a jury trial. At that conference, the court granted the government's motion to admit evidence that Johnson had been previously apprehended for possession of drugs and drug paraphernalia. In its ruling, however, the court mentioned that certain government witnesses had credibility problems due to their involvement in drug trafficking. Johnson cites *United States v. O'Neill*, 437 F.3d 654, 658 (7th Cir. 2006), for the proposition that a court may not mislead a defendant with "false hope" during a plea colloquy. In *O'Neill*, we expressed concern about statements from the court that could have given the defendant a false expectation that he would receive a particular sentence, thereby leading him to plead guilty. *Id.* Johnson asserts that the district court here similarly persuaded him to agree to a waiver based on a false expectation that it would discredit government witnesses at a bench trial.

*O'Neill* is distinguishable. In this case, the district court referred to "credibility problems" of government witnesses when evaluating a motion to admit evidence, not as part of a waiver colloquy. We find no questionable conduct of the kind contemplated in *O'Neill*.

Furthermore, Johnson presents no evidence that the district court's comments affected his decision to waive his right to a jury trial. The court had noted that Johnson's earlier arrest was "strong evidence to support" the testimony of the government witnesses and could "rebut

the suggestion that Mr. Johnson is simply an unlucky person." Johnson therefore could not have been "misinformed" regarding the court's willingness to consider the witnesses' testimony. In addition, in the waiver colloquy, Johnson acknowledged that the court would rule on all evidence later at a bench trial. He knew the risks he faced at a bench trial, and any expectation of a different outcome was not due to a misunderstanding of the trial process.

AFFIRMED.