**R. J. FANELLI, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1968.

Daniel B. Boone, Arthur R. Samuel, Louisville, for appellant.

Robert Matthews, Atty. Gen., Charles Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

R. J. Fanelli appeals from an order of the Jefferson Circuit Court overruling his CR 60.02 motion to vacate a judgment or judgments sentencing him to one year in prison on each of ten counts for violating KRS 61.190 (receiving profit on public funds) and fining him $900 on each of ten counts for violating KRS 432.350(2) [taking bribe]. See Fanelli et al. v. Commonwealth, Ky., 418 S.W.2d 740 (1967).

The convictions of Fanelli and two co-defendants were based on evidence that E. A. Sanson, a contractor, had paid them various sums of money as bribes in return for their having awarded public contracts. Sanson, indicted under KRS 432.350(1) for giving the bribes, has not yet been tried. The ground on which Fanelli now claims he is entitled to have his conviction vacated is that the Commonwealth has agreed to reduce the charges against Sanson to the common law misdemeanor of attempted bribery. Though it is not satisfactorily established that this is true, we shall assume it so for purposes of our decision.

Fanelli argues that if Sanson is guilty of no more than attempting to give the bribes he, Fanelli, cannot be guilty of having accepted them, that he cannot be guilty under KRS 432.350(2) without Sanson's being guilty under KRS 432.350(1). Reasoning from that proposition, he contends he will be denied due process and equal protection of the laws, as guaranteed by the 14th Amendment of the U. S. Constitution, if his convictions of the statutory felonies are permitted to stand while the alleged giver of the bribes is allowed to plead guilty and accept punishment for the lesser offenses.

Obviously a bribe cannot be accepted by one person without having been given by another. It does not follow, howev-

er, that the receiver cannot be convicted unless the giver also is convicted, and no authority to such effect has been cited for our consideration. Fanelli's conviction by one jury of having taken bribes from Sanson does not make it inevitable that another jury would convict Sanson of having given the bribes, nor can it reasonably be construed as a restriction upon the Commonwealth's Attorney's discretionary powers in conducting the proceedings pending against Sanson. Suppose, for example, the prosecution should conclude that for some reason or another it cannot prove its case against Sanson. So far as the law is concerned, Sanson is innocent until proved guilty beyond a reasonable doubt and so found by the unanimous verdict of a jury. The office of Commonwealth's Attorney is a position of great trust and responsibility, because of its broad discretionary powers. One of these is the power of deciding what to recommend to the court in the way of amending or dismissing pending charges, or in the fixing of punishment in the event of a guilty plea.

It often happens that when one of two persons indicted for the same offense pleads guilty and the other stands trial they receive different sentences. The same is true even if both enter the same plea. If that constitutes unequal protection of the laws, then our whole system is awry. The fact is, however, that punishment is intended not merely to fit the crime, but to fit the individual as well. And so the law provides for different disposition of persons guilty of the same crime. When the prosecuting authority, with the acquiescence of the trial court, reduces a charge in return for a guilty plea the end result is nothing more complicated than the imposition of a lesser penalty. This does not, in our opinion, violate any constitutional rights.

█ The record before us on the instant appeal does not include a copy of the judgment or judgments sought to be set aside. Fortuitously, the record brought here on the previous appeal is still available and we have been able to unearth the necessary information from it. For future guidance in similar cases, however, it should be recognized that briefs are not a very satisfactory source of factual information for purposes of an appellate review.

█ Essentially, a motion under CR 60.-02 or RCr 11.42 to vacate or modify a judgment is a continuation or re-opening of the same proceeding that culminated in the judgment under attack. In some instances the grounds for the motion may be such that the record of the previous proceedings, other than the judgment itself, is not involved. In other cases it may be necessary that the record, or some portion of it, leading up to and supporting the judgment be considered in the proceedings on the subsequent motion, in which event it must be included in the appellate record to insure an adequate review. It is incumbent upon counsel to see that the record is sufficient for that purpose.

█ CR 60.02 is available in both civil and criminal proceedings. Meredith v. Commonwealth, Ky., 296 S.W.2d 705 (1956); Howard v. Commonwealth, Ky., 364 S.W.2d 809 (1963). In a civil case, of course, the contents of the record on appeal are controlled by designation of the parties. CR 75.01. In criminal cases the circuit court clerk is required to certify and transmit "the entire record." RCr 12.-56. Though brought under CR 60.02, this is a criminal proceeding, in which the clerk was required to certify and transmit "the entire record." However, the rules do not make clear what is "the entire record" in a CR 60.02 or RCr 11.42 motion proceeding. From our observation it appears that most circuit clerks consider the record as a new one, beginning with the motion. If so, the motion should include a copy of the judgment to which it relates, because obviously it is the heart of the matter. Until such time as the rules are clarified in this respect, it is our opinion that the onus should lie upon the appellant to see that the cir-

cuit court clerk includes in the appellate record so much of the trial record leading up to and including the judgment as is necessary to an adequate review. This he may do by written request, with the same privilege and responsibility on the part of the appellee to see that the record is complete from his or its standpoint.

The order overruling appellant's motion is affirmed.

All concur.