**Glenn J. CRONE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 83–CA–2600–DG.**

Court of Appeals of Kentucky.

Nov. 30, 1984.

William D. Fausz, Jr., Fort Mitchell, for appellant.

David Armstrong, Atty. Gen., William E. Doyle, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and WHITE, JJ.

HOWARD, Judge.

Appellant appeals his convictions for driving under the influence and no operator's license.

On October 21, 1982, the appellant, Glenn J. Crone, was arrested by the Dixie Police Authority for reckless driving, driving under the influence, and no operator's license. Appellant was brought to trial the same day in the Kenton District Court, at which time he requested a continuance to secure counsel. The trial was thereafter postponed to November 2, 1982.

During this period, the appellant left town on employment obligations. On November 2, the appellant informed the court that initial contact with counsel had been made but final arrangements were lacking due to the work obligations. He requested another continuance. The trial court denied the request and informed the appellant that trial would be held that night. Counsel for the appellant arrived before trial and presented a handwritten motion for a jury trial. This motion was denied. Trial was held a short time thereafter. Prior to the calling of the first witness, appellant objected to the proceedings, alleging a denial of constitutional rights.

During the course of the prosecution's case, no proof of the appellant's prior convictions was offered. The appellant did not testify. After the close of the evidence, the trial court read, over appellant's objections, the driving history of the appellant into the record.

The trial court sentenced the appellant to six months' imprisonment and a $500.00 fine for driving under the influence of intoxicants, and to six months' concurrent imprisonment and $100.00 fine for no operator's license. The appellant thereafter appealed to the Kenton Circuit Court, which affirmed his convictions. This appeal is now before us upon discretionary review.

Appellant assigns three errors to the proceedings in district court: First, he contends that his request for continuance on November 2, 1982, was erroneously denied; that it was improper for the trial court to deny his motion for jury trial; and that his sentence was wrongfully enhanced due to an absence of proof of prior convictions for driving under the influence. We believe the jury trial issue resolves this appeal.

■ The right of trial by jury for a defendant is recognized in Section 7 of the Kentucky Constitution, and is further codified in KRS 29A.270(1), which states:

Defendants shall have the right to a jury trial in all criminal prosecutions, including prosecutions for violations of traffic laws, in the circuit and district courts. The defendant may request a jury trial at any time prior to the time his case is called for trial.

However, it has also been established that an accused can waive his right to a jury trial. *Short v. Commonwealth*, Ky., 519 S.W.2d 828 (1975). The prerequisites of a valid waiver of a jury trial in a felony or misdemeanor case were described in *Short*, adopting the language of *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930):

In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

■ The Commonwealth herein contends that the appellant failed to request a jury trial prior to his case being called, and thus waived a jury trial pursuant to KRS 29A.270(1). We have a number of difficul-

ties with this argument. First, the record does not clearly indicate when the appellant's motion for jury trial was presented. Both parties state that the motion was made before the trial actually began, but it would be splitting hairs to decide if such motion was made before the case was "called." In any event, we do not believe that KRS 29A.270(1) sets a time after which a defendant is automatically precluded from exercising his right to a jury trial. The statute merely provides that a defendant can request a jury trial at any time before trial. We refrain from adding or inferring anything more from the statute than its procedural guide.

■ However, we believe the strongest flaw in the Commonwealth's argument to be presented by *Short, supra.* The record here does not indicate in any manner that the appellant waived his right to a jury trial in the manner provided in *Short:*

> In determining whether a waiver of a jury trial is made understandingly, intelligently, competently, and voluntarily, the court must apply the same standards that are required on the acceptance of a guilty plea. The record made at the hearing preceding the acceptance of a.

waiver by the court must affirmatively set out facts which will permit an independent determination of its validity. Cf. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Raymer v. Commonwealth,* Ky., 489 S.W.2d 831 (1973); *Lucas v. Commonwealth,* Ky., 465 S.W.2d 267 (1971); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

As such, we find that the appellant was entitled to a jury trial pursuant to his request, and it was error for the Kenton District Court to deny the jury trial. Since this will result in a new trial, we do not deem it necessary to reach the merits of the remaining issues on appeal.

The judgment is reversed and remanded for proceedings consistent with this opinion.

All concur.