# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 18, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-0000075-MR

ANGEL TORRES, III        APPELLANT

ON APPEAL FROM DAVIESS CIRCUIT COURT
V.      HONORABLE JOSEPH W. CASTLEN III, JUDGE
NO. 16-CR-00446

COMMONWEALTH OF KENTUCKY        APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A circuit court jury found Angel Torres, III guilty of two counts of first-degree sodomy and two counts of first-degree sexual abuse, for which he received a sentence of 50 years' imprisonment. Torres now appeals the resulting judgment to this Court as a matter of right,[1] raising three issues for review. Finding no error on the part of the trial court, we affirm the judgment.

## I. BACKGROUND.

The victim, a female under the age of 12 at the time of the commission of the crimes, described at trial Torres's acts of abuse. The victim lived with Torres in his home, and Torres would regularly look in on her while she showered. One time, after she finished showering, Torres had the victim lie on

---

[1] Ky. Const. § 110(2)(b) ("Appeals from a judgment of the Circuit Court imposing a sentence of . . . imprisonment for twenty years or more shall be taken directly to the Supreme Court.").

a wicker basket. He opened her legs and rubbed her vagina with his finger, stating he was looking for an infection. From our review of the victim's testimony, she testified about this having occurred more than once. The victim also testified to a time when Torres placed his mouth and tongue on her vagina while she sat on the toilet in the bathroom.

In Torres's bedroom, the victim described a game that he would play with her in which he blindfolded her, place items in her hand or mouth, and had her guess what those items were. On one occasion, Torres placed what she believed to be his penis in her hand. On another occasion, Torres placed what she believed to be his penis inside her mouth.

The victim's sister testified that while she never personally witnessed any of the alleged events, the victim told her about them after she and her sister moved out of the Torres residence. The victim's sister then reported to Torres's wife that Torres was acting inappropriately toward the victim, although the substance of that conversation is in dispute. At the very least, Torres's wife knew that Torres was teaching the victim how to "French kiss," but she never contacted authorities due to the absence of proof.

A few years elapsed before the victim and her sister contacted authorities about Torres's sexual contact. The contact was prompted by the appearance on the victim's phone of a video of a man masturbating. The two thought the man in the video was Torres because the shower curtain in the background of the video resembled the one at the Torres residence. This led to an investigation

and ultimately to Torres's indictment by the grand jury and conviction on all charges. This appeal followed.

## II. ANALYSIS

### A. The trial court did not err in denying Torres's motion for directed verdict.

Torres first argues that the trial court erred when it denied his motion for directed verdict on all charges. That this issue is preserved for our review is undisputed. "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for the jury to find guilt, only then is the defendant entitled to a directed verdict of acquittal."[2]

As in many cases involving sexual offenses committed against a child, the only real evidence supporting Torres's convictions is the testimony of the victim describing the offenses. The victim provided detailed testimony on the four incidents giving rise to Torres's charges. At the time of her testimony, the victim was 15-years-old. When the incidents allegedly occurred, she was between the ages of 8 and 10. The victim also testified that Torres was teaching her how to "French kiss." She told her sister about this, who relayed some of this information to Torres's wife.

Torres's defense strategy was to attack the victim's credibility. The defense called Torres's wife as a witness, eliciting testimony from her that the

---

[2] *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3, 4-5 (Ky. 1983)).

victim "had a bad habit of lying to get out of trouble." Torres's wife testified that the victim would tell her "things about [the victim's] siblings that would make [Torres's spouse] mad at the others."

The defense also attacked the victim's memory concerning other individuals who lived in the Torres household at the time when she and her sister were there. Those same individuals testified for the defense that with eleven people living at the Torreses' one-bathroom residence during the period in question, it would have been nearly impossible for these sexual encounters to have occurred without someone knowing about them.

The defense attacked the victim's recollection of events, specifically, her inability to recall certain details about the events. Torres argues that this inability to recall certain details specifically discredits the victim's belief that Torres's penis, and not another item, was in her hand and mouth during the blindfold game. Torres further points to the trial court's acknowledgement of inconsistencies in the victim's testimony, and yet it denied the motion for directed verdict.

The defense further sought to show that the victim and her sister brought these allegations out of revenge for Torres having walked out on them during their time at the Torres residence. Moreover, the defense attempted to characterize the authorities' investigation into the commission of the offenses as "shoddy." Finally, Torres himself testified, completely denying the charges.

4

Our role as a reviewing court is to determine from the trial record "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]"[3] Here, we cannot find this to be the case. The evidence adduced at trial included the victim's detailed testimony about Torres's committing the four offenses of which he was charged. Although the defense attacked the victim's credibility, "[a]ssessing the credibility of a witness and the weight given to her testimony rests 'within the unique province of the jury[.]"[4] "The . . . court acting as an appellate court cannot . . . substitute its judgment as to the credibility of a witness for that of . . . the jury."[5]

And as much as Torres attacks the credibility of the victim, Torres's testimony had credibility gaps as well. For example, in his initial interview with investigators, Torres denied having been confronted by his ex-spouse about kissing the victim on the month, but then later acknowledged that he was so confronted.

While Torres offered evidence to support his case, under the totality of the evidence adduced at trial, including the victim's detailed testimony regarding the four charges of which the jury convicted Torres, we cannot say

---

[3] *Id.* (emphasis added).

[4] *Ross v. Commonwealth,* 531 S.W.3d 471, 477 (Ky. 2017) (quoting *McDaniel v. Commonwealth,* 415 S.W.3d 643, 654 (Ky. 2013)).

[5] *Commonwealth v. Jones,* 880 S.W.2d 544, 545 (Ky. 1994) (quoting *Commonwealth v. Bivins,* 740 S.W.2d 954, 956 (Ky. 1987)).

that the jury's finding of guilty was "clearly unreasonable." As such, the trial court did not err in denying Torres's motion for directed verdict.

**B. The trial court did not err in admitting evidence of other acts of abuse committed by Torres against the victim.**

Torres challenges the trial court's grant of the Commonwealth's motion to introduce "evidence involving uncharged additional sexual contact between the defendant and the sole victim in the above styled action." That this issue is preserved for our review is undisputed.

The Commonwealth requested that the trial court allow it to introduce in its case-in-chief evidence of other uncharged sexual offenses committed by Torres against the victim. The trial court granted the Commonwealth's motion, finding the evidence to be admissible under Kentucky Rules of Evidence ("KRE") 404(b). Torres now challenges that ruling as error.

We dealt with this exact issue in *Noel v. Commonwealth*:

> Appellant asserts that admission of [the victim's] testimony that [the defendant] had sexually abused her "more than one time" violated the KRE 404(b) proscription against admission of evidence of other crimes, wrongs, or acts. However, this testimony falls within the exceptions for evidence offered to prove intent, plan, or absence of mistake of accident. We further note that evidence of similar acts perpetrated against the same victim are almost always admissible for those reasons.[6]

Torres mainly argues that the trial court should have excluded this evidence according to Kentucky's evidentiary rules regarding relevancy. "All

---

[6] 76 S.W.3d 923, 931 (Ky. 2002) (citing *Price v. Commonwealth*, 31 S.W.3d 885, 888 n.4 (Ky. 2000)).

relevant evidence is admissible, except as otherwise provided[.]"[7] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[8] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."[9] "The inclusionary thrust of the law of evidence is powerful, unmistakable, and undeniable, one that strongly tilts outcomes toward admission of evidence rather than exclusion."[10] "The language of KRE 403 is carefully calculated to leave trial judges with extraordinary discretion in the application and use of [KRE 403]."[11] As Professor Lawson notes, the application of KRE 401, 402, and 403 "embraces not just a tilt toward admission over exclusion but a very powerful tilt in that direction."[12]

---

[7] KRE 402.

[8] KRE 401.

[9] KRE 403.

[10] Robert G. Lawson, *The Kentucky Evidence Law Handbook*, § 2.05[2][b] (5th ed. 2013) (citing *O'Bryan v. Massey-Ferguson, Inc.*, 413 S.W.2d 891, 893 (Ky. 1967)).

[11] Lawson, *supra,* note 10 at § 2.15[2][b].

[12] *Id.*

"The standard of review of an evidentiary ruling is abuse of discretion."[13] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[14]

Simply put, the trial court did not abuse its discretion in allowing the Commonwealth the opportunity to introduce evidence of other allegations of sexual misconduct by Torres against the victim. Specifically, Torres challenges the admission of 1) testimony regarding Torres's kissing of the victim and 2) testimony that the victim sat on Torres's lap. But this evidence is probative to demonstrate the victim's and Torres's relationship and how that relationship progressed. That probative value cannot be outweighed by any prejudice that Torres has asserted, namely, having simply recited the language of the rule, KRE 403. Finally, Torres does not articulate how the purported evidence that the trial court allowed runs afoul of KRE 404(b), once again, simply making the conclusory assertion that it does. And we see no reason to question the trial court's admission of this evidence, particularly, because we find no reason to distinguish this case from the rule in *Noel*.

Torres also takes issue with the lack of specificity in the record regarding the admission of other uncharged alleged sexual offenses committed by Torres against the victim. In fact, Torres has filed a separate motion with this Court,

---

[13] *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

[14] *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

asking us to "order the [Commonwealth] to produce for the record what the uncharged and unproven grand jury allegations were." Torres essentially argues that the Commonwealth should have, in its original motion with the trial court, identified the specific allegations of sexual misconduct that it was seeking to introduce into evidence at trial. Because the Commonwealth did not do this, Torres argues, "[i]t is impossible for [Torres] to prove the length and mountainous prejudicial effect the uncharged grand jury allegations had on his defense without ascertaining with certainty what they were."[15]

But the Commonwealth's motion for leave to present KRE 404(b) evidence simply provided Torres with notice that the Commonwealth would attempt to introduce in its case-in-chief evidence of other instances of sexual misconduct by Torres against the victim. And everything that the Commonwealth presented by way of evidence at trial, including evidence of these other uncharged acts of sexual abuse, is contained in the record of the trial proceeding. Torres's argument here is pointless because all evidence of sexual misconduct that the jury heard is preserved in the record of the trial proceeding. And in our review of the victim's testimony, it appears that she testified that Torres inappropriately touched her vagina multiple times.

But because Torres has not specifically identified the acts that he believes should not have been admitted into evidence, apart from kissing the

---

[15] (emphasis in original).

victim and having her sit on his lap, we have nothing to review for trial court error. At most, Torres's failure to identify any specific acts admitted into evidence to which he objects constrains us to characterize any alleged trial court error here as nothing more than harmless error because Torres has not articulated any identifiable prejudice.[16]

As such, the trial court did not err in granting the Commonwealth's motion, allowing the Commonwealth to introduce into evidence other acts of sexual misconduct committed by Torres against the victim.

## C. The trial court did not err in granting the Commonwealth's motion in limine.

Torres alleges error in the trial court's grant of the Commonwealth's motion in limine to exclude from admission into evidence a school incident report in which the victim claimed that a janitor gave her bruises and may have accidentally touched her breasts. That this issue is preserved for our review is undisputed. We review this error for an abuse of discretion.

Torres asserts that he would like to argue to this Court, using the school incident report, that the victim had a history of making false accusations and to demonstrate the victim's attention-seeking behavior.[17] But, Torres argues,

---

[16] "No error in . . . the admission . . . of evidence . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice." Kentucky Rules of Criminal Procedure ("RCr") 9.24.

[17] During the hearing and now on appeal, Torres makes no argument that he sought to introduce this report to prove specifically that the victim has made false accusations

because a copy of the school incident report cannot be found in the record, he is unable to view it to form an argument on this point.

The trial court held a hearing to determine whether this report could be admitted into evidence. The Commonwealth read some or all—it is unclear which—of the report to the trial court. The trial court itself examined a copy of the report, first commenting that the report was "a bit remote," then finding that the report did not evidence anything that was "clearly false." The trial court granted the Commonwealth's motion in limine to exclude the report from admission into evidence at trial. During the hearing, the report itself was allowed to be placed into the record as a sealed defense exhibit. But the report is not in the record on appeal.

This Court has made clear "that the onus should lie upon the appellant to see that [the] circuit court clerk includes in the appellate record so much of the trial record leading up to and including the judgment as is necessary to an adequate review."[18] "[W]e have consistently and repeatedly held that it is an appellant's responsibility to ensure that the record contains all of the material necessary for an appellate court to rule upon all the issues raised."[19] "And we

---

regarding the commission of sexual offenses against her, which would be governed by KRE 412 and this Court's decision in *Dennis v. Commonwealth*, 306 S.W.3d 466 (Ky. 2010).

[18] *Fanelli v. Commonwealth*, 423 S.W.2d 255, 257–58 (Ky. 1968).

[19] *Clark v. Commonwealth*, 223 S.W.3d 90, 102 (Ky. 2007) (citing *Commonwealth v. Thompson*, 697 S.W.2d 143 (Ky. 1985); *Fanelli*, 423 S.W.2d at 255).

are required to assume that any portion of the record not supplied to us supports the decision of the trial court."[20]

Although the Commonwealth read some of the report into the record during the trial court's hearing, without viewing the actual report itself, we are unable to determine if the report should have been admitted. We have no way of confirming whether the entirety of the substance of the report was read into the record by the Commonwealth or if either party is mischaracterizing the report in any way. We note that the record shows that it was Torres who was in possession of the report and who sought to place it into the record. Because Torres, as the appellant, did not ensure an adequate record for our review, we decline to speculate about whether the trial court abused its discretion in excluding from evidence at trial the school-incident report.

Even if we assume that the report supports Torres's argument—that the victim tends to make false accusations and that she exhibits attention-seeking behavior—Torres has not articulated how the report itself would be admissible in the face of KRE 608(b): "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility . . . may not be

---

[20] *Clark*, 223 S.W.3d at 102 (citing *Thompson*, 697 S.W.2d at 145).

proved by extrinsic evidence." We find no reason to question the trial court's exclusion of the school incident report.[21]

## III. CONCLUSION.

Finding no error on the part of the trial court, we affirm the judgment.

Minton, C.J., Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur. Buckingham, J., not sitting

COUNSEL FOR APPELLANT:

Dennis Keith Wilcutt II
Smith & Wilcutt, LLC

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

William Robert Long Jr.
Assistant Attorney General

---

[21] Torres also mentioned the words "cumulative error" in his brief as giving rise to reversible error. However, because we find no error whatsoever on the part of the trial court, cumulative error cannot, by definition, exist in this case.